**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

RONALD EUGENE REEVE,

        Petitioner - Appellant,

  v.

ROSEANN CAMPBELL, WARDEN,

        Respondent - Appellee.

No. 06-56232

D.C. No. CV- 05-777-GPS

MEMORANDUM*

---

Appeal from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Submitted November 2, 2009***
Pasadena, California

Before: GOULD and BEA, Circuit Judges, and MOLLOY,** District Judge.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\**     The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

\***     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a) (2).

California state prisoner Ronald Eugene Reeve appeals the district court's order denying his claim for habeas relief. 28 U.S.C. § 2254.

We review the district court's denial of Reeve's petition for a writ of habeas corpus *de novo*, and the district court's factual findings for clear error. *Corell v. Ryan*, 539 F.3d 938 (9th Cir. 2008). We affirm.

The California state court's finding that Reeve's confession was voluntary was not unreasonable, despite the fact that he was prohibited from contacting anyone outside the jail in Utah for twenty-two hours before his interrogation while the Utah police and he waited for the police from California to arrive. While "lengthy . . . incommunicado incarceration before a statement is made" is evidence that a statement is involuntary, *Miranda v. Arizona*, 384 U.S. 436, 476 (1966), a twenty-two hour incommunicado detention without more is not enough.

Reeve was told that his incommunicado incarceration would last only until the detectives from California arrived. While he waited, he did not ask for a lawyer, he was not interrogated, nor was he threatened or intimidated by anyone. When the California detectives arrived, he was given and then voluntarily waived his *Miranda* rights. At no point during the subsequent interrogations did he suggest he did not want to talk anymore to the police nor did he request an attorney. When he did ask the California police if he could make a telephone calls,

they allowed him to make several. Nor did Reeve identify anything coercive in the two-hour interrogation.

Reeve's decision to answer questions from the police and to confess to killing the victim both to the police and then to his father over the telephone in the presence of the police, was not coerced by the police. There is no evidence that Reeve's will was overborne by the twenty-two hour wait during which the telephones were shut off. As such, his statement was voluntary and admissible.

**AFFIRMED.**